IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV135-03-MU

| | |
|---|---|
| ANTON MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JIM PENDERGRAPH, Mecklenburg ) | |
| County Sheriff ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Petition filed on March 21, 2006 pursuant to 28 U.S.C. § 2241 (Document No. 1. )

On December 3, 2003 Petitioner entered a guilty plea, pursuant to a plea agreement, to conspiracy to defraud the United States.  On April 4, 2005 Petitioner was sentenced by Judge Lacy Thornburg to a tem of 36 months imprisonment followed by three years of supervised release. Petitioner is currently being held in the Mecklenburg County Jail pursuant to a writ signed by Judge Lacy Thornburg ordering that Petitioner be brought to the Western District of North Carolina from FCI Butner for a hearing on his "Request for Hearing to Determine Restitution" (See Document No. 40 in 3:03cr27.)  Pursuant to Judge Thornburg's writ, Petitioner shall be transported back to FCI Butner at the conclusion of the hearing regarding his Motion for Hearing to Determine Restitution. While temporarily housed at the Mecklenburg County Jail, Petitioner filed two law library request forms for permission to use the law library.  Petitioner contends that he needs to use the law library so that he can file proper notice of his change of address to the Eastern District of North Carolina and other courts where he has lawsuits pending.  According to the copy of Petitioner's law library

request form attached to his Petition, Petitioner received a response to his request one day after filing his request stating that he would be placed on the waiting list for library time.

Petitions under § 2241 are used to attack the execution of a sentence and not prison conditions. McIntosh v. United States Parole Commission, 115 F.3d 809 (10th Cir. 1997). Although a § 2241 attack on the execution of a sentence may challenge some matters that occur in prison, such as the deprivation of good time credits or other prison disciplinary matters, this does not make a § 2241 action like a condition of confinement lawsuit, which are properly brought under civil rights law. Id. In the instant case, Petitioner is complaining about access to the law library which is a condition of his confinement. Petitioner is not attacking the execution of his sentence. Therefore, Petitioner has not stated a claim under §2241 and his Petition is dismissed and denied.[1]

---

[1] Even if this Court were to construe Petitioner's Petition as a claim under 42 U.S.C. § 1983, Petitioner has not established a claim for relief. Petitioner is housed in Mecklenburg County Jail for a short period for the sole purpose of attending a hearing regarding his restitution. That hearing is scheduled for April 3, 2006 and at the conclusion of that hearing, Petitioner is to be transported back to Butner. When an inmate is confined to jail for a short period of time and has not shown specific harm or actual injury, limitations on his access to the law library does not state a constitutional violation. Magee v. Waters, 810 F.2d 451 (4th Cir. 1987). Here, according to Petitioner's own evidence, he was placed on a waiting list for access to the library. This is not unreasonable. Further, Petitioner stated that he needed to file a change of address with the courts where he has lawsuits pending. First, if Petitioner is only temporarily housed in the Mecklenburg County Jail for a short period of time for a particular hearing, he likely does not need to file a change of address. Next, a change of address does not need to be on a particular form and can be accomplished by writing a letter. Petitioner should not need access to a law library to accomplish that task.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Petition is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: March 24, 2006

Graham C. Mullen
United States District Judge